AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No.  5:24-MJ- 0102 (ML) |
| JOSE EZEQUIEL REYES-ACOSTA | ) |
| | ) |
| | ) |
| | ) |
| Defendant | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of January 16, 2024 in the county of Oneida in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Jose Ezequiel Reyes-Acosta, an alien, native and citizen of El Salvador, being an alien who has been denied admission, excluded, deported, or removed, or have departed the United States while an order of exclusion, deportation, or removal is outstanding, entered and was thereafter found in the United States without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to his reapplication for admission into the United States. |

This criminal complaint is based on these facts:
　See attached affidavit

☒　Continued on the attached sheet.

_____
Complainant's signature

Michael G. Donnell, Deportation Officer
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 　February 23, 2024

_____
Judge's signature

City and State: 　Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge
_____
Printed name and title

## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Michael Donnell, having been first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1.      I am a Deportation Officer employed by the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been so employed since February 2022. I investigate violations of the immigration and nationality laws of the United States, which primarily are found in Titles 8 and 18 of the United States Code. I have received training in the investigation of violations of the United States Code as it pertains to immigration law and other violations of the United States Code involving criminal matters.

2.      This affidavit is made in support of an application for a criminal complaint charging Jose Ezequiel REYES-ACOSTA with violations of Title 8, United States Code, Section 1326(a), Re-entry of Previously Removed Alien.

### BASIS OF INFORMATION

3.      The statements contained in this affidavit are based upon my investigation of this matter, information provided by other law enforcement agents, and my experience and training as a Deportation Officer. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to believe that REYES-ACOSTA has violated Title 8, United States Code, Section 1326(a).

### INVESTIGATION AND FACTUAL BASIS FOR THE COMPLAINT

4.      On or about January 16th, 2024, agents and officers of the Department of State ("DOS") Boston Field Office, New York State Department of Motor Vehicles ("DMV"), and Oneida County District Attorney's Office, acting on information received from employees of the

1

Utica, New York DMV, began investigating REYES-ACOSTA's attempts to utilize the identification of a United States citizen to obtain New York state documents. REYES-ACOSTA had previously traveled to the Utica DMV to apply for a New York State driver's license and had presented Utica DMV employees with a United States social security card, birth certificate, and passport in the name of a "Jesse Bahena."

5.     On February 15, 2024, REYES-ACOSTA returned to the Utica DMV to attempt to collect the New York state driver's license he had applied for. At that time, law enforcement took REYES-ACOSTA into custody for local violations pertaining to fraud. REYES-ACOSTA has been in New York state custody since that time. At the time of REYES-ACOSTA's arrest, DOS agents located on his person the fraudulent United States passport, which bore REYES-ACOSTA's photograph but listed a name ("Jesse Bahena") and passport number not assigned to REYES-ACOSTA.   The fraudulent birth certificate and social security card were also on REYES-ACOSTA's person.

6.     REYES-ACOSTA was advised of his *Miranda* rights in the Spanish language by a DOS agent. REYES-ACOSTA waived his rights before answering questions. During the ensuing interview, REYES-ACOSTA admitted he had purchased a United States citizen's birth certificate and social security card for the purpose of obtaining a United States passport. Investigators verified that on March 27, 2018, REYES-ACOSTA submitted a DS-11 form, which is used to obtain a United States passport, at a post office in Everett, Massachusetts, fraudulently attesting via signature that his identity was "Jesse Bahena". Contemporaneous with the DS-11 submission, REYES-ACOSTA presented to the Massachusetts post office clerk the aforementioned social security card and a Massachusetts driver's license, both in the name of "Jesse Bahena."

2

7.    DOS agents confirmed that "Jesse Bahena" is an actual individual who resides in Illinois. Agents established contact with Bahena, who stated that he had lost his social security card and birth certificate some years ago. Bahena confirmed he had not willingly or knowingly provided his documents or personal identifying information to REYES-ACOSTA for REYES-ACOSTA's use.

8.    Investigators compared biometric fingerprint information from REYES-ACOSTA's February 15 arrest with law enforcement and immigration records. The immigration records revealed that REYES-ACOSTA's country of origin is El Salvador. Your affiant has reviewed REYES-ACOSTA's El Salvador birth certificate and passport information, which confirm his nationality. United States immigration records indicate that REYES-ACOSTA was ordered removed from the U.S. on June 23, 2009, and was in fact removed on June 24, 2009. The biometric data from the February 15 arrest was compared to fingerprints taken from REYES-ACOSTA pursuant to the 2009 removal. Expert fingerprint analysis confirmed that REYES-ACOSTA is the same individual removed from the United States in 2009.

9.    Customs and Border Protection ("CBP") flight records show that REYES-ACOSTA used the fraudulent passport to travel from the United States to El Salvador on November 11th, 2021, returning on January 6th, 2022. REYES-ACOSTA again flew to El Salvador on January 31st, 2022, and returned on August 15, 2023. CBP records confirm that REYES-ACOSTA utilized the fraudulent passport and represented himself as United States citizen "Jesse Bahena" each time he re-entered the United States.

10.    A review of REYES-ACOSTA's immigration records reveals that REYES-ACOSTA has made no claim for status in the United States as either an immigrant or United States citizen. Records indicate that his removal from the United States was the result of entry without

3

inspection and prior felony convictions. On February 19, 1997, REYES-ACOSTA was convicted in New York state court of the felony offense of Attempted Robbery—2nd Degree. On June 20, 1995, REYES-ACOSTA was convicted in New York state court of the felony offense of Burglary—3rd Degree. REYES-ACOSTA has not ever been lawfully admitted to the United States or given permission to re-enter by the Attorney General or the Secretary of the Department of Homeland Security.

## CONCLUSION

Based upon the foregoing information, I respectfully submit there is probable cause to believe the defendant, Jose Ezequiel REYES-ACOSTA, has violated Title 8, United States Code, Section 1326(a), having improperly re-entered and having been found in the United States subsequent to a prior order of removal, without having previously obtained permission to re-enter from the necessary authorities. Your affiant requests that a criminal complaint be issued pursuant to this violation of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Michael G. Donnell
Deportation Officer
Immigration and Customs Enforcement

4

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on February __23__, 2024, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Miroslav Lovric
United States Magistrate Judge

5